UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEITH ELLIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-00237-TWP-DLP |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Keith Ellis petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number NCP 19-07-0024. For the reasons explained in this Order, Mr. Ellis's habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B.     The Disciplinary Proceeding**

On July 20, 2019, Indiana Department of Correction (IDOC) Correctional Officer E. Smith wrote a Report of Conduct charging Mr. Ellis with battery, a violation of the IDOC's Adult Disciplinary Code offense B-212. The Report of Conduct states:

> On the above date & time, off. Ellis, K #120400 began to talk to the clerk that worked the 5/7 range. Offender Ellis began to argue with the clerk & punched the clerk in the right cheek. Offender Ellis was advised he would be receiving a conduct report. End report.

Dkt. 7-1.

A Serious Incident Report was also made concerning the incident:

> On 7/20/2019 at approximately 0905 hours, Offender Curtis Long #968810 (E-1, 214) was in the day room of the 700 range in Mental Health. Offender Long is a clerk for the 5/7 range. Offender Long was speaking with Offender Keith Ellis #120400 (MH-709) who was in the recreation cage on the 700 day room. Offender Ellis became very agitated and punched Offender Long in the face Officer E. Smith immediately removed Offender Long from the day room.
>
> Nurse S. Huff (LPN) assessed Offender Long and advised he has a small cut under the right eye and no treatment is necessary. Offender Long was returned to E-Unit. Nurse Huff assessed Offender Ellis and advised there are no injuries. Offender Ellis was placed into his cell and will receive a conduct report for "Battery".

Dkt. 7-2.

Mr. Ellis was notified of the charge on July 23, 2019, when he received the Screening Report. Dkt. 7-7. He pled not guilty to the charge, asked for two staff witnesses to answer the question "Did Off. Ellis contact the PREA Hotline to report a PREA incident?" and asked for the PREA investigation as physical evidence. *Id.* The PREA is the Prison Rape Elimination Act, 42 U.S.C. § 15601.

Facility PREA Investigators Vandervort and Pearson were presented with Mr. Ellis's question and asked to provide statements. An email sent by Investigator G. Pearson gave this response:

2

> Ellis called the facility TIPS Hotline 4 times. Ellis was unintelligible on 3 of the calls except for his name. The call that Ellis was intelligible, Ellis stated that the Commissary clerk tried to sexually assault him by rubbing his arm in a sexual manner. The rubbing of an arm is not sexual abuse.

Dkt. 7-13.

The email statement sent by PREA Compliance Manager B. Vandervort gave this answer to Mr. Ellis's question:

> I don't have any idea. . . we don't have access to check #80; it [isn't] a "PREA hotline" . . . it is a facility tip line that Joseph checks.

Dkt. 7-14.

In advance of the disciplinary hearing, Mr. Ellis was told by the screening officer that his calls to the hotline were not understandable and that no investigation had been conducted. Mr. Ellis then wrote out a statement for the disciplinary hearing, asking for a continuance of the hearing so that his "evidence [could] be gathered," and asserting that a hearing without the PREA investigation would violate his due process rights. Dkt. 7-10.

The disciplinary hearing was held on July 29, 2019. Dkt. 7-9. Mr. Ellis stated "I did not do it." He also provided a written statement that was summarized in the preceding paragraph. Dkt. 7-10. The hearing officer considered Mr. Ellis's statement, the conduct report, the Serious Incident Report, photographs of Offender Long's facial injury, and the e-mailed statements from Mr. Pearson and Mr. Vandervort. *Id.* The hearing officer found Mr. Ellis guilty of battery, noting that the "PREA does not have anything to do with an assault." *Id.* The sanctions imposed included the loss of 41 days of earned credit time and a demotion in credit-earning class. *Id.*

Mr. Ellis appealed to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 7-15 & 7-16. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Warden has filed a response to the petition. Dkt. 7. Mr. Ellis did not file a reply.

### C. Analysis

Mr. Ellis's sole ground for relief is that he was denied due process and a fair disciplinary hearing when a PREA investigative report was not provided to him for his use at the hearing. Dkt. 1 at 2.

A PREA investigative report is not relevant to the disciplinary proceeding. The Court has identified no defense to a prison disciplinary charge of battery other than factual innocence. *See Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011) (no constitutional right to self-defense in prison disciplinary cases); *Scruggs*, 485 F.3d at 938-39; *Rowe v. DeBruyn*, 17 F.3d 1047, 1049 (7th Cir. 1994). If a PREA investigative report existed, it was not a due process violation to decline Mr. Ellis's request to get a copy. *See Forbes v. Trigg*, 976 F.2d 308, 318 (7th Cir. 1992) (officials have no duty to provide irrelevant evidence to prisoners in disciplinary cases).

Mr. Ellis's sole ground for habeas corpus relief is without merit.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Ellis to the relief he seeks. Accordingly, Mr. Ellis's petition for a writ of habeas corpus challenging the sanctions in prison disciplinary case number NCP 19-07-0024 is **denied** and this action is **dismissed** with prejudice.

Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 10/27/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

4

Distribution:

Keith Ellis
120400
Westville Correctional Facility
Inmate Mail/Parcels
5501 South 1100 West
Westville, IN 46391

Benjamin Myron Lane Jones
Indiana Attorney General
benjamin.jones@atg.in.gov